**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|                        |     |                     |
|------------------------|-----|---------------------|
|                        | )   |                     |
| STATE OF DELAWARE      | )   |                     |
|                        | )   |                     |
| v.                     | )   | I.D. No. 1008008293 |
|                        | )   |                     |
| MARC TAYLOR,           | )   |                     |
|                        | )   |                     |
| Defendant              | )   |                     |

Submitted: July 25, 2017
Decided: October 23, 2017

On Defendant's Motion for Postconviction Relief. **SUMMARILY DISMISSED.**

# **ORDER**

John W. Downs, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Elizabeth R. McFarlan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Marc Taylor, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 23rd day of October, 2017, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1.  On March 16, 2012, after a 24-day gang-participation trial, Marc Taylor ("Defendant") was found guilty of Gang Participation; Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance; Noncompliance with Bond Conditions; two counts of Possession of a Firearm by a Person Prohibited; Assault Second Degree; and Possession of a Firearm During the Commission of a Felony. On May 23, 2012, this Court sentenced

Defendant to fifteen-and-a-half years of unsuspended imprisonment, followed by probation.[1]

2. On May 31, 2012, Defendant, through prior counsel, filed a Notice of Appeal with the Delaware Supreme Court. On September 25, Defendant's conviction was upheld.[2] Defendant then filed a *pro se* Motion for Postconviction Relief on November 13, 2013. This Court appointed counsel on January 9, 2014. Appointed counsel, after reviewing Defendant's claims and the record, ultimately filed a Motion to Withdraw as Counsel for Petitioner, asserting essentially that Defendant's Motion lacked merit.[3]

3. In his Motion for Postconviction Relief, Defendant asserted four grounds for relief. First, he argued multiple claims of ineffective assistance of counsel. Second, Defendant claimed that witnesses "lied" in exchange for immunity with the State and that other witnesses committed perjury in their testimony against him. Third, he asserted that the State failed to meet its burden of proof in making a case against him for the Gang Participation charge. Fourth and finally, Defendant claimed that appellate counsel, who was different from his trial counsel, was ineffective. On December 17, 2015, this Court denied Defendant's Motion for Postconviction Relief and granted defense counsel's Motion to Withdraw as Counsel for Petitioner.[4] The Supreme Court of Delaware affirmed this Court's denial of Defendant's Motion on October 10, 2016.[5]

4. Defendant filed a second Motion for Postconviction Relief on July 19, 2017. In this Motion for Postconviction Relief, Defendant raises three grounds for relief. They are set forth *in*

---

[1] Sentencing Order, D.I. 86.

[2] *Taylor v. State*, 76 A.3d 791 (Del. 2013) (denying Defendant's challenge that the gang participation statute was unconstitutionally vague and overbroad, as well as evidentiary challenges and a review of this Court's denial of a motion to sever).

[3] Mot. to Withdraw as Counsel for Pet'r. Marc Taylor at 1.

[4] *State v. Taylor*, 2015 WL 9592457, at *3 (Del. Super. Ct. Dec. 17, 2015), *aff'd,* 149 A.3d 241 (Del. 2016) (holding that Defendant's Motion for Postconviction Relief lacked merit).

[5] *Taylor v. State*, 149 A.3d 241 (Del. 2016).

*toto*:

> [Ground One:] My 6[th] Amendment right was violated to effective assistance [sic] of counsel. By granting me representation that I have a conflict of interest with, due to him representing someone (state's witness) in my case that testified on me at trial.
>
> [Ground Two:] Suppression of favorable evidence. Due to a docket [sic] item that was sealed and never presented during trial violates the due process by it (Item) could've been valuable evidence to prove my innocence. (still have no clue what it is)
>
> [Ground Three:] Subpoena Witnesses. If the state would've allowed the Gang Expert to testify, it would've gave the jury a full understanding of a gang. Also if the expert witness (Arthur Young) that tested the firearm would've been subpoenaed he could've explained how his testimony had different results from the other expert which raised red flags on behalf of the chain-of-custody issues.

5.  Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[6] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues." [7] The procedural "bars" of Rule 61 are: timeliness, [8] repetitiveness, [9] procedural default, [10] and former adjudication.[11] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[12] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[13]

---

[6] Del. Super. Ct. Crim. R. 61.

[7] *State v. Stanford*, 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State*, 135 A.3d 748, 756 (Del. 2016)).

[8] Del. Super. Ct. Crim. R. 61(i)(1); *Stanford*, WL 2484588, at *2.

[9] Del. Super. Ct. Crim. R. 61(i)(2); *Stanford*, WL 2484588, at *2.

[10] Del. Super. Ct. Crim. R. 61(i)(3); *Stanford*, WL 2484588, at *2.

[11] Del. Super. Ct. Crim. R. 61(i)(4); *Stanford*, WL 2484588, at *2.

[12] *Stanford*, WL 2484588, at *2.

[13] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (holding that "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

6.    In order for the Court to consider repetitive[14] postconviction motions, the motion must either

> (i) plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive . . . applies to the movant's case and renders the conviction . . . invalid.[15]

7.    As this motion is Defendant's second motion for postconviction relief, each of Defendant's three grounds for relief is procedurally barred as repetitive pursuant to Del. Super. Ct. Crim. R. 61(i)(2). Moreover, neither exception to successive motions applies here as Defendant fails to plead with particularity that new evidence exists or that a new constitutional rule applies retroactively. Further, Defendant's pleading fails to rise to the requisite level of "particularity" and merely alleges conclusory grounds for relief. Without more, this Court cannot overlook the fact that this is Defendant's second motion for postconviction relief, which procedurally bars it as a matter of law.


Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.


**IT IS SO ORDERED.**


_____
Richard R. Cooch, R.J.


cc:    Prothonotary
Investigative Services

---

[14] Del. Super. Ct. Crim. R. 61(i)(2).
[15] Del. Super. Ct. Crim. R. 61(d)(1)-(2).